## Case No. 16,506.

UNITED STATES v. THREE HUNDRED AND THIRTY-SEVEN CASES OF WINE.

[1 Woods, 47.] [1]

Circuit Court, D. Louisiana. April Term, 1870.

REVIEW ON ERROR — BILL OF EXCEPTIONS — INSTRUCTIONS TO JURY—CUSTOMS DUTIES—UNDERVALUATION—FRAUDULENT PURPOSE.

1. Error in excluding depositions of witnesses cannot be considered in the appellate court when the bill of exceptions does not identify the depositions, but they are inserted in the copy of the record by the clerk, more than two months after the signing of the bill of exceptions.

2. Judgment will not be reversed because the court refused to give a charge, abstractly correct, but which the bill of exceptions does not show was pertinent to the case on trial.

3. When imported goods are libelled by the government for undervaluation, upon proof of the undervaluation, a fraudulent purpose will be implied, and claimant must rebut this implication by evidence showing an innocent mistake.

[Error to the district court of the United States for the district of Louisiana.]

A. B. Long, U. S. Atty.
J. S. & W. R. Whitaker, for claimant.

WOODS, Circuit Judge. The first error assigned in this case is presented by the second bill of exceptions, and is to the ruling of the court in excluding the depositions of certain witnesses taken upon letters rogatory and interrogatories. Neither the depositions themselves, nor copies thereof, are incorporated in or attached to the bill of exceptions, or referred to by letter, number or other mark, so that it is impossible for this court to say that the court below fell into error in excluding them. It is true the names of the witnesses whose depositions were excluded, the date of the letters rogatory, the date of the filing of the interrogatories, and the date of the filing of the depositions in the court below are given, and what purports to be a copy of the depositions of the said witnesses in the French language, and a translation thereof into the English language, is found in the body of the record. But this is not sufficient. These copies have no business in the record save as a part of the bill of exceptions. The clerk had no authority, and it was improper for him to insert these copies in the record. There is no evidence that the copy is a correct one, or that the translation is a correct one. A bill of ex-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ceptions must be verified by the hand and seal of the judge, and every exhibit to a bill of exceptions must so far be made a part of it, that the verification of the bill by the judge shall extend to the exhibit, and if it is a copy, show that the copy is a correct one. If this bill of exceptions had incorporated the depositions into the body of it, or had referred to it thus: "The depositions of the witnesses, O. P., Q. R. and S. T., a copy (or the original) of which is hereto annexed, marked 'Exhibit A,' and made a part of this bill of exceptions," such a designation of the depositions would have been conclusive, and the verification of the bill of exceptions by the hand and seal of the judge would have extended to and covered the exhibit, and, if the exhibit was a copy, would have certified the correctness of the copy. This bill of exceptions was signed and filed by the district judge, July 10, 1869. The copy of the depositions was made, as appears by the certificate of the clerk. October 22, 1869. So that it is clear that before the signing of the bill, the judge had not inspected or seen this copy, and certainly did not certify to its correctness when he signed the bill of exceptions. These copies of these depositions are certainly no part of this bill of exceptions, and this court cannot consider whether or not they were improperly excluded. To show that this strictness is not unwarranted, I refer to the case of Leftwitch v. Lecanu, 4 Wall. [71 U. S.] 187.

The next error said to be in this record is in the refusal of the judge of the district court to give certain charges to the jury, as requested by counsel for claimants. Several of these charges embody the same idea in different forms, and, as the most clear and precise of these, I copy the fourth charge requested. It is in these words: "If the jury shall find, under instructions from the court in matters of law or in any other way, that the invoice valuations of the wines under seizure did not conform to the actual valuations of such wines in the actual markets of the country of production, as required by the revenue laws of the United States, still they cannot return a verdict for the government unless they shall also find that such discrepancy was not the result of honest error on their part in respect of law or fact, but was made knowingly, with guilty knowledge, with design to evade the payment of duty which they knew was legally chargeable on the merchandise."

So far as appears from the bill of exceptions, this charge, and all charges of the same purport, were properly refused. When an undervaluation of imported goods is established by the proof, unless it is shown to have occurred by mistake or accident, it follows inevitably that the undervaluation must have been made with intent to defraud the revenue. Since the passage of the act of March 2, 1799 [1 Stat. 627], the policy of the revenue laws of the United States is to throw the burden of proof upon respondent to show mistake or error, when the government has in the first place proven undervaluation. So that when, in this case, the United States had established the undervaluation of the goods, the inference of the law was that there was guilty knowledge and guilty intent, and in the absence of any proof on the part of claimants of mistake or accident in making the valuation, the court might well say to the jury that they were to presume knowledge and guilty purpose. This was, however, a presumption which claimants might, and which it stood them in hand to rebut by proof, and if they had offered any evidence tending to show mistake or error, then the charge requested might have been and should have been given. But this bill of exceptions utterly fails to show that any such proof was offered. The issue is, that the claimants had entered undervalued goods. and the court properly charged that, if undervaluation was shown, in the absence of proof of mistake or accident, the presumption of guilty knowledge and intent must prevail.

It is further alleged as error that the court refused to give the following charge to the jury: "If wines of equal value and similar to those seized in this suit were worth in Bordeaux, at the fair and usual market price there, no more than the price stated in this invoice at the date of this shipment, then these wines cannot be condemned for undervaluation." In Vasse v. Smith, 6 Cranch [10 U. S.] 226, Chief Justice Marshall lays down this rule: A bill of exceptions ought to state that evidence was offered of the facts upon which the opinion of the court was prayed. In Dunlap v. Munroe, 7 Cranch [11 U. S.] 270, Johnson, J., says: Each bill of exceptions must be considered as presenting a distinct substantive case, and it is on the evidence stated in itself alone the court is to decide. All the testimony upon which the charge is based must be incorporated in the bill of exceptions when the party wishes to review the charge upon writ of error.

I apply these well settled rules to this assignment of error. This bill of exceptions no where shows that any evidence whatever was offered upon the point on which the instructions to the jury just recited were asked. If there was no such evidence, and that is the presumption, as the record fails to show it, the court was right in refusing the charge. As far as I can see from the record, the charge asked was purely abstract, and had no reference to any facts proven in the case, and it was the right and duty of the court to refuse it.

I see no error in this record. Let the judgment of the court below be affirmed. [Case unreported.]